Grinnell agt. Kirtland.

## NEW YORK COMMON PLEAS.

HELEN L. GRINNELL agt. FREDERICK S. KIRTLAND *et al.*

*Right of way — easement — dedication.*

Where the plaintiff has had full and undisturbed possession and enjoyment of an easement or right of way, accepted by the original grantee, and used by him and those claiming under him for over twenty years, over a strip of land laid out on a city map as a proposed street, and upon which his land is bounded to the center, cannot sustain an action against an adjoining owner opposite, whose land is also bounded to the center of said proposed street, for a judgment requiring the defendant to remove all obstructions from one-half of said proposed street, and that the same be considered as dedicated to the public and to be used as a public street.

Especially where no acceptance by the public authorities has been received, and no request made for the opening of said street.

*August,* 1874.

*Before* LARREMORE, *J.*

*Augustus F. Smith,* for plaintiff.

*Geo. C. Genet,* for defendant.

LARREMORE, *J.* — In the year 1851, Mrs. Lucy Audubon was seized and possessed of certain lands in the city of New York, known as "Audubon Park," lying between the streets and avenues designated on the map or plan of said city previously made, as One Hundred and Fifty-fifth and One Hundred and Fifty-seventh streets, and Eleventh and Twelfth avenues. On said map a strip of land sixty feet in width was laid as One Hundred and Fifty-sixth street. In the

Grinnell agt. Kirtland.

year last mentioned Mrs. Audubon sold the land fronting on One Hundred and Fifty-sixth street to different parties, making the center of One Hundred and Fifty-sixth street the dividing line, and the northerly and southerly boundary of the respective parcels thus conveyed. At the time of such sale there was a road or lane running through said lands along that portion thereof which is shown on said map as the northerly part of One Hundred and Fifty-sixth street, and is now used substantially as the same was originally laid out, for the consideration of the owners of property on the line thereof. In the deeds given by Mrs. Audubon, as aforesaid, each of the grantees therein named covenant and agree that their grantor, her heirs and assigns, shall be and are entitled to a sufficient right of way through and along One Hundred and Fifty-sixth street, thereby conveyed to said grantee for all lawful purposes, to use the same as a public road. The parties to this action, by sundry mesne conveyances, have become the owners of the lands in question — the plaintiff of the northerly and the defendant of the southerly portion thereof. No map of said premises was ever made by Mrs. Audubon. No proceedings have ever been taken by the public authorities to open said street, and on an official map recently made said strip of land is not laid out as a street, and does not appear thereon. This fact summarily disposes of the question as to the right to have and use said strip of land as a street. The plaintiff claims, however, that by the boundaries contained in said deeds by Mrs. Audubon there was a dedication of said land called One Hundred and Fifty-sixth street, as for a street, and that the same is subject to an easement and right of way for the benefit of the owners of lands fronting thereon, to the full extent of the width thereof, and that it should be kept open for that purpose. To this end she seeks the judgment of the court, and that defendants may remove all fences and obstructions from the southerly half of said street, and refrain thereafter from obstructing the same.

Grinnell agt. Kirtland.

The question of dedication is one of intent, to be established by acts unequivocal and decisive in their character, and unmistakable in their purpose (*Hunter* agt. *Trustees, Sandy Hill,* 6 *Hill,* 407; *Carpenter* agt. *Gwynn,* 35 *Barb.,* 395). This principle is general in its application, whether construed as in favor of the public, or as between owners and purchasers. Did Mrs. Audubon intend that a street of the width of sixty feet should be opened at once, and in any event, for the benefit of her immediate grantees, whether it should be accepted or not, by the public authorities? Did said grantees so understand it when, in the very instrument in which such dedication is alleged to have been made, is contained a reservation on her part, and a covenant on theirs, as to a right of way through and along the street in question? No demand appears to have been made on their part, or their successors in interest, for the opening and use of said street; on the contrary, the road reserved in said deeds has been used and accepted by them as sufficient for all purposes of ingress and egress to and from the lands in question for more than twenty years. It is evident, then, that the alleged dedication was qualified and not absolute. That it was intended to take effect only upon an acceptance by the public authorities. But it is urged with great force that the question in dispute has already been adjudicated; that when an owner of city property sells it in lots or parcels bounded on a street, whether opened or designed, and by reference to a map made and filed, such act alone constitutes a dedication of the land included in the proposed street. But in the cases relied upon to sustain this position, viz., *Livingston* agt. *The Mayor, &c.* (8 *Wend.,* 85); *Wyman* agt. *The Same* (11 *Wend.,* 487); *In re Thirty-fourth street* (1 *Hill,* 191); *In re Seventeenth street* (1 *Wend.,* 262), the question of acceptance was not in dispute. These were cases arising upon assessments made for the opening of the streets by the public authorities, and the fact of acceptance was the basis of the whole proceeding. The general term of the supreme court

in *Badeau* agt. *Mead* (14 *Barb.*, 328), after a review of the earlier decision, holds "that a grant, whether inferential or direct, or whether to the public or to a private individual, is inefficacious until accepted by the grantee; that the doctrine of a dedication has been carried far enough, and ought not to be extended." And the court of appeals in *Fonda* agt. *Borst* (2 *Keyes*, 48), held that a purchaser of a lot designated and laid out on a map as bounded by a street, was not entitled to have said street opened until it had been accepted by the public. This decision makes no distinction between urban and rural property. The land in dispute not having been accepted by the public authorities there was no dedication of it as a street. Nor has there been any acceptance or user of it as a road, to the extent mentioned in the alleged dedication. The plaintiff having the full and undisturbed possession and enjoyment of an easement or right of way, accepted by the original grantee, and used by him and those claming under him for over twenty years, cannot sustain this action, and judgment must be rendered for the defendants therein.